# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LASHUNDA WOODSON, individually and for and on behalf of the wrongful death beneficiaries of Timothy Young, deceased; MELANIE CURTIS; CYNTHIA WILSON; GWENETTA YOUNG; and ANGELA YOUNG | § § § § § § § | PLAINTIFFS |
| v. | § | CIVIL ACTION NO. 1:08CV232-LG-RHW |
| RETA LUMPKIN, in her individual and official capacity, and JOHN and JANE DOES 1-20 | § § § § | DEFENDANTS |

## ORDER GRANTING RETA LUMPKIN'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Second Motion for Summary Judgment [90] filed by Reta Lumpkin. The plaintiffs have not responded to the Motion. Upon reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion should be granted.

### FACTS AND PROCEDURAL HISTORY

A complete discussion of the facts in this case are contained in this Court's Memorandum Opinion and Order [86] entered on August 12, 2009. This lawsuit, which was originally filed against Pearl River County, Forrest General Hospital, Dr. John Barton, Reta Lumpkin, and John and Jane Does 1-20, arose out of the death of Timothy Young at the Pearl River County Jail. The state law claims against Dr. Barton, including claims for medical malpractice and outrage/ infliction of emotional distress, were dismissed pursuant to the Mississippi Tort Claims Act in an order entered on August 7, 2008. The federal claims against Dr. Barton and the Hospital, as well as the state law medical malpractice claim filed against the Hospital, were dismissed in an order

entered on June 2, 2009, because Young died of a severe, incurable form of brain cancer. The civil rights and medical malpractice claims filed against Pearl River County and Reta Lumpkin were also dismissed on those same grounds in an opinion entered on August 12, 2009. However, Lumpkin did not present any argument regarding whether she was entitled to summary judgment on the plaintiff's outrage/intentional or negligent infliction of emotional distress claim, and she did not request summary judgment regarding that claim. Therefore, the claim remained pending. However, the Court granted Lumpkin's request to extend the dispositive motion deadline, and she has filed the present motion seeking dismissal of the only remaining claim – outrage/intentional or negligent infliction of emotional distress.

The plaintiffs make the following allegations in support of their emotional distress claims:

> 35. Defendant Pearl River County's agents and employees (John Does), **Reta Lumpkin** and Dr. John Barton knew of Timothy Young's serious medical issues as well as his need for special care and treatment. Nevertheless, Defendants chose to make Timothy Young suffer in his cell for weeks without care while he was afflicted with an acute condition and knowing he required medical assistance which was available but not forthcoming . . . .
>
> 36. These acts and omissions were so outrageous and malicious as to shock the conscience of any reasonable person. Further, Defendants' deliberate indifference to plaintiff's pleas for medical assistance, was so unreasonable, cruel and unusual as to amount to tortuous [sic] outrage and intentional infliction of emotional distress.

(Am. Compl. at ¶¶ 35-36) (emphasis added).

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there

is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25.

As noted above, the plaintiffs have failed to respond to Lumpkin's Motion. A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

Mississippi courts recognize intentional infliction of emotional distress claims when the defendant's conduct evokes outrage or revulsion. *Jones v. Fluor Daniel Serv. Corp.*, 959 So.2d 1044 (Miss. 2007). "Liability has only been found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991) (quoting Restatement (Second) of Torts § 46 comt. d). Meanwhile, with regard to negligent infliction of emotional distress claims, the Mississippi courts have held:

> "Mental anguish is a nebulous concept that requires substantial proof of recovery." Further, "if the case [is] one of ordinary garden variety negligence, the plaintiffs would have to prove some sort of injury, whether it be physical or mental. If the conduct was not malicious, intentional or outrageous, there must be some sort of demonstrative harm."

*McGuffie v. Herrington*, 966 So. 2d 1274, 1278 (¶9) (Miss. Ct. App. 2007) (quoting *Ill. Cent. R.R. Co. v. Hawkins*, 830 So. 2d 1162, 1174 (¶26) (Miss. 2002)).

In the present case, this Court has previously held that there is no evidence that Lumpkin violated any standard of care, and that there is no evidence that Young's medical condition would have changed had he been provided with different medical treatment. Therefore, the Court held that the plaintiffs' civil rights and medical malpractice claims against Lumpkin must be dismissed. The outrage and emotional distress claims are based on the same allegations of medical malpractice and violation of civil rights. Since the plaintiffs have not presented any evidence that Lumpkin should have known the serious nature of Young's condition or that she violated any standard of care when treating Young, they cannot demonstrate that Lumpkin either negligently or intentionally caused Young to suffer emotional distress. *See, e.g., Hudson v. Palmer*, 977 So. 2d 369, 385 (¶46) (Miss. Ct. App. 2007) (holding that a negligent infliction of emotional distress claim based upon defamation would obviously require the plaintiff to state a successful claim for defamation). As a result, the Court finds that Lumpkin is entitled to judgment as a matter of law concerning the plaintiff's outrage and emotional distress claims.

Finally, the Court notes that the plaintiffs' Amended Complaint names John and Jane Does 1-20 as defendants. Those claims have never been dismissed, and the plaintiffs have never requested permission to file a second amended complaint naming these defendants. The deadline for filing amended pleadings expired on November 21, 2008. If the plaintiffs wish to file a

second amended complaint that names the John and Jane Doe defendants, they must do so within fifteen days of the date of this Order, or these defendants will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Second Motion for Summary Judgment [90] filed by the defendant, Reta Lumpkin, is **GRANTED**. The plaintiffs' remaining claims against Reta Lumpkin are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that any motion seeking permission to file a second amended complaint naming the John and Jane Doe defendants must be filed within fifteen days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 9th day of December, 2009.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge